Barry G. Sher
William A. Novomisle
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH PACE, Derivatively on Behalf of Nominal Defendant ARBITRON, INC.,<br><br>        Plaintiff,<br><br>   -against-<br><br>STEPHEN B. MORRIS, LUIS G. NOGALES, PHILIP GUARASCIO, WILLIAM T. KERR, SHELLYE ARCHAMBEAU, RICHARD A. POST, LARRY E. KITTELBERGER, DAVID W. DEVONSHIRE, SEAN R. CREAMER, KATHLEEN T. ROSS, LINDA DUPREE, OWEN A CHARLEBOIS, PIERRE C. BOUVARD, and VAUGHN SCOTT HENRY,<br><br>        Defendants,<br>   -and-<br><br>ARBITRON, INC., a Delaware corporation,<br><br>        Nominal Defendant. | 08 Civ. 6425<br><br><br><br>**NOTICE OF FILING OF<br>NOTICE OF FILING<br>NOTICE OF REMOVAL** |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that on July 18, 2008, Defendants Stephen B. Morris,

Luis G. Nogales, Philip Guarascio, William T. Kerr, Shellye Archambeau, Richard A.

Post, Larry E. Kittelberger, David W. Devonshire, Sean R. Creamer, Kathleen T. Ross,

Linda Dupree, Owen A Charlebois, Pierre C. Bouvard, Vaughn Scott Henry and nominal

defendant Arbitron, Inc., (collectively, the "Defendants") filed the attached Notice of

Filing of Notice of Removal of this civil action with the Supreme Court of the State of

New York, County of New York. (Exhibit A).

PLEASE TAKE FURTHER NOTICE THAT, pursuant to 28 U.S.C. § 1446(d),

the filing of the Notice of Removal in this Court, together with the filing of this notice in

the Supreme Court, effects the removal of this action and the Supreme Court of the State

of New York shall proceed no further unless and until the case is remanded.

Dated: July 21, 2008
　　　　New York, New York

　　　　　　　　Respectfully submitted,

　　　　　　　　PAUL, HASTINGS, JANOFSKY & WALKER LLP

　　　　　　　　By:　　/s/ William Novomisle　　　　　　　　
　　　　　　　　　　　　Barry G. Sher
　　　　　　　　　　　　William A. Novomisle
　　　　　　　　　　　　75 East 55th Street
　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　Telephone:  (212) 318-6000
　　　　　　　　　　　　Facsimile:  (212) 319-4090

　　　　　　　　*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned, hereby swear under penalty of perjury affirm that I am an attorney admitted to practice in the Stat of New York and I have caused to be served via overnight mail a true and correct copy of the foregoing Notice of Filing Notice of Removal on this 21st day of July 2008, on the following:

Brian P. Murray
MURRAY, FRANK & SAILER LLP
275 Madison Avenue
New York, NY 10016

Robert B. Weiser
Brett D. Stecker
THE WEISER LAW FIRM, P.C.
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087

/s/ William Novomisle
William Novomisle
Attorney for Defendants
75 E. 55th Street
Park Avenue Tower
New York, NY 10022
Telephone: (212) 318-6085
Facsimile: (212) 230-5185

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
JOSEPH PACE, Derivatively on Behalf of Nominal            :
Defendant ARBITRON, INC.,                                :      Index No. 08-601779
                                                         :
                              Plaintiffs,                :
                                                         :
    -against-                                            :
                                                         :      **NOTICE OF FILING**
STEPHEN B. MORRIS, LUIS G. NOGALES, PHILIP               :      **NOTICE OF REMOVAL**
GUARASCIO, WILLIAM T. KERR, SHELLYE                      :
ARCHAMBEAU, RICHARD A. POST, LARRY E.                    :
KITTELBERGER, DAVID W. DEVONSHIRE, SEAN                  :
R. CREAMER, KATHLEEN T. ROSS, LINDA                      :
DUPREE, OWEN A. CHARLEBOIS, PIERRE C.                    :
BOUVARD, and VAUGHN SCOTT HENRY,                         :
                                                         :
                              Defendants,                :
                                                         :
    -and-                                                :
                                                         :
ARBITRON, INC., a Delaware corporation,                  :
                                                         :
                              Nominal Defendant.         :
------------------------------------------------------------------x

*NEW YORK*
*COUNTY CLERK'S OFFICE*

*JUL 18 2008*

*NOT COMPARED*
*WITH COPY FILE*

        Pursuant to 28 U.S.C. Section 1446(d), the defendants Stephen B. Morris, Luis G.

Nogales, Philip Guarascio, William T. Kerr, Shellye Archambeau, Richard A. Post, Larry E.

Kittelberger, David W. Devonshire, Sean R. Creamer, Kathleen T. Ross, Linda Dupree, Owen A

Charlebois, Pierre C. Bouvard, Vaughn Scott Henry and nominal defendant Arbitron, Inc.,

(collectively, "Defendants") hereby give notice to the Supreme Court of the State of New York,

County of New York, and to the plaintiff, Joseph Pace, that, pursuant to 28 U.S.C. Sections 1441

and 1446, the above-captioned action has been removed to the United States District Court for

the Southern District of New York.  Attached as Exhibit 1 is a true and accurate copy of the

Notice of Removal filed in the United States District Court for the Southern District of New

York pursuant to 28 U.S.C. Section 1446(a).

Dated: July 18, 2008
      New York, New York

                 PAUL, HASTINGS, JANOFSKY & WALKER LLP

                 By: William Novomisle
                 Attorneys for Defendants
                 75 E. 55th Street
                 Park Avenue Tower
                 New York, NY 10022
                 Telephone: (212) 318-6085
                 Facsimile: (212) 230-5185

                   *Attorneys for Defendants*

## AFFIRMATION OF SERVICE

The undersigned, hereby swear and affirm that I am an attorney admitted to practice in the Stat of New York and I have caused to be served via overnight mail a true and correct copy of the foregoing Notice of Filing Notice of Removal on this \6\ day of July 2008, on the following:

Brian P. Murray
MURRAY, FRANK & SAILER LLP
275 Madison Avenue
New York, NY 10016

Robert B. Weiser
Brett D. Stecker
THE WEISER LAW FIRM, P.C.
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087

William Novomisle

Exhibit 1

Barry G. Sher
William A. Novomisle
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

**'08 CIV 6425**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



RECEIVED
JUL 17 2008
U.S.D.C. S.D. N.Y.
CASHIERS

---

JOSEPH PACE, Derivatively on Behalf of Nominal
Defendant ARBITRON, INC.,

        Plaintiff,

   -against-

STEPHEN B. MORRIS, LUIS G. NOGALES, PHILIP
GUARASCIO, WILLIAM T. KERR, SHELLYE
ARCHAMBEAU, RICHARD A. POST, LARRY E.
KITTELBERGER, DAVID W. DEVONSHIRE, SEAN
R. CREAMER, KATHLEEN T. ROSS, LINDA
DUPREE, OWEN A CHARLEBOIS, PIERRE C.
BOUVARD, and VAUGHN SCOTT HENRY,

        Defendants,

   -and-

ARBITRON, INC., a Delaware corporation,

        Nominal Defendant.

08 Civ.

**NOTICE OF REMOVAL**

---

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendants Stephen B. Morris, Luis G. Nogales,

Philip Guarascio, William T. Kerr, Shellye Archambeau, Richard A. Post, Larry E.

Kittelberger, David W. Devonshire, Sean R. Creamer, Kathleen T. Ross, Linda Dupree,

Owen A Charlebois, Pierre C. Bouvard, Vaughn Scott Henry (the "Individual Defendants") and nominal defendant Arbitron, Inc., (collectively with the Individual Defendants, the "Defendants") hereby remove the action entitled *Joseph Pace v. Stephen B. Morris, et al. including Arbitron Inc., nominal defendant*, Index No. 08-601779 (the "State Court Action") from the Supreme Court of the State of New York, County of New York, to this Court. This removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a). In accordance with 28 U.S.C. § 1446(a), Defendants make the following statement of the grounds for removal:

1.     Based on information provided by counsel for Plaintiff, Joseph Pace is a natural person residing in the state of Texas.

2.     Nominal defendant Arbitron, Inc. is a Delaware corporation and maintains its principal place of business in New York, New York.

3.     The individual defendants are citizens of the following states: California (Mr. Nogales and Ms. Archambeau); Colorado (Mr. Post); Florida (Mr. Kerr); Illinois (Mr. Devonshire); Maryland (Messrs. Creamer, Charlebois and Henry); Massachusetts (Mr. Guarascio); New Jersey (Mr. Kittelberger); New York (Messrs. Morris and Bouvard, Ms. Dupree); Virginia (Ms. Ross).

4.     Therefore, complete diversity of citizenship exists between the parties.

5.     The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as alleged in paragraphs 41 and 42 of the State Court Action complaint, attached hereto as Exhibit A.

2

6.     Accordingly, this court has original jurisdiction over Plaintiff's State Court Action pursuant to 28 U.S.C. § 1332(a).

7.     Nominal defendant Arbitron, Inc. was served with a Summons and Complaint on or about June 18, 2008. Arbitron, Inc. has not entered an appearance nor filed any responsive pleading or other papers in the State Court Action.

8.     None of the Individual Defendants has been served with the Summons or Complaint. Nor have any of the Individual Defendants entered an appearance or filed any responsive pleading in the State Court Action.

9.     Pursuant to conversations between counsel for plaintiffs and defendants, plaintiffs have agreed to permit defendants an extended period of time to file responsive pleadings to the complaint in exchange for the defendants' law firm of Paul, Hastings, Janofsky & Walker LLP accepting service on behalf of all individual defendants. A stipulation reflecting this agreement will be filed with this Court subsequent to this removal.

10.     All Defendants have consented to the removal of the State Court Action to federal court.

11.     This notice has been filed within 30 days from the date upon which nominal defendant Arbitron, Inc. was served in the State Court Action.

12.     In accordance with 28 U.S.C. § 1446(a), copies of all papers that have been filed in the state court are attached hereto as Exhibit A, collectively.

3

13.     Concurrently with their filing of this Notice of Removal, Defendants have

served written notice of the same on counsel for Plaintiff, Brian P. Murray, Esq., and the

Clerk of the Court for the Supreme Court of the State of New York, County of New York,

in accordance with 28 U.S.C. § 1446(d).


WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants

respectfully request that the State Court Action be removed to this Court and placed on

the docket of this Court for further proceedings as though originally instituted in this

Court.

Dated: July 17, 2008
       New York, New York


Respectfully submitted,

PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: _____
       Barry G. Sher
       William A. Novomisle
       75 East 55th Street
       New York, New York 10022
       Telephone:  (212) 318-6000
       Facsimile:  (212) 319-4090


*Attorneys for Defendants*

# Exhibit A

NEW YORK
COUNTY CLERK'S OFFICE

JUN 13 2008

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOSEPH PACE, Derivatively on Behalf of    X
ARBITRON, INC.,

         Plaintiff,

    vs.

STEPHEN B. MORRIS, LUIS G. NOGALES,
PHILIP GUARASCIO, WILLIAM T. KERR,
SHELLYE ARCHAMBEAU, RICHARD A.
POST, LARRY E. KITTELBERGER, DAVID
W. DEVONSHIRE, SEAN R. CREAMER,
KATHLEEN T. ROSS, LINDA DUPREE,
OWEN A. CHARLEBOIS, PIERRE C.
BOUVARD, and VAUGNAN SCOTT HENRY,

         Defendants,

   -and-

ARBITRON, INC., a Delaware corporation,

         Nominal Defendant.

Civil Action No. 08- 601779

VERIFIED COMPLAINT

X DEMAND FOR JURY TRIAL

SHAREHOLDER DERIVATIVE COMPLAINT FOR INSIDER SELLING, BREACH OF
FIDUCIARY DUTY, ABUSE OF CONTROL, AND UNJUST ENRICHMENT

Plaintiff Joseph Pace ("Plaintiff") is a shareholder of Arbitron, Inc. ("Arbitron" or the "Company"), and files this Verified Shareholder Derivative Complaint (the "Complaint") on behalf of the Company against certain of its officers and directors seeking to remedy defendants' breaches of fiduciary duty from July 2007 to the present (the "Relevant Period"), that have caused substantial financial losses to Arbitron and other damages, including, but not limited to, its reputation and goodwill. Plaintiff hereby alleges upon personal knowledge as to his own acts and upon information and belief as to all other matters, based upon, among other things, an investigation conducted by Plaintiff's counsel, which included, among other things, the review of publicly available documents filed with the U.S. Securities and Exchange Commission (the "SEC"), press releases, and other media reports.

## NATURE OF THE ACTION

1.    Arbitron, through its subsidiaries, provides media and marketing information services in the U.S. and internationally. According to its public filings, the Company is an "international media and marketing information firm serving radio broadcasters, cable companies, advertisers, advertising agencies and out of home and online media advertising companies in the United States and Europe."

2.    The Company's "Portable People Meter" ratings service is purportedly capable of measuring radio, broadcast television, cable television, Internet broadcasts, satellite radio and television audiences, and retail store video and audio broadcasts.

3.    During the Relevant Period, defendants caused Arbitron to tout the timing of the implementation of its Portable People Meter ratings service and the Company's prospects and future earnings. However, these statements were materially false and misleading.

4.    Significantly, Defendants failed to disclose and/or misrepresented the following adverse facts, among others:

(a)    that the Company's scheduled implementation of its Portable People Meter ratings service in certain major markets was in fact not performing according to internal expectations and the Company was experiencing significant difficulties such that it would have to delay its implementation; and

(b)    as a result, Defendants lacked a reasonable basis for their positive statements about the timing of the implementation of its Portable People Meter ratings service and the Company's prospects and future earnings.

5.    On November 26, 2007, Defendants were finally forced to admit that Arbitron needed to "delay the commercialization of its Portable People Meter (PPM) radio ratings service in nine markets," and that the Company would be revising its financial guidance for 2007 and outlook for 2008.

6.    In response to this announcement, the price of Arbitron common stock declined $7.21 per share, a one-day decline of nearly 15%, to close at $41.70 per share, on unusually high trading volume.

7.    However, prior to this disclosure, from August 1, 2007 to November 19, 2007, certain of the defendants took advantage of the Company's inflated stock price by selling nearly 179,000 shares and reaping over *$8.9 million* in gross proceeds.

## THE PARTIES

8.    Plaintiff is, and was at times relevant hereto, an owner and holder of Arbitron common stock.

9.    Nominal defendant Arbitron is a Delaware corporation with its principal place of business located at 142 West 57th Street, New York, NY 10019. The Company, through its subsidiaries, provides media and marketing information services in the United States and internationally.

10.    Defendant Stephen B. Morris has served as the Chairman of Arbitron's Board of Directors (the "Board") since May 2007, and has been a director of the Company since 2001. In addition, defendant Morris has served as Arbitron's Chief Executive Officer ("CEO") and President since 2001.

11.    Defendant Luis G. Nogales has served as a director of the Company since 2001. In addition, defendant Nogales serves as the Board's Lead Independent Director.

12.    Defendant Philip Guarascio has served as a director of the Company since 2001.

13.    Defendant William T. Kerr has served as a director of the Company since May 2007.

14.    Defendant Shellye Archambeau has served as a director of the Company since November 2005. In addition, defendant Archambeau is a member of the Board's Audit Committee (the "Audit Committee").

15.    Defendant Richard A. Post has served as a director of the Company since 2001. In addition, defendant Post is the Chairman of the Audit Committee.

16.    Defendant Larry A. Kittelberger has served as a director of the Company since 2001.

17.    Defendant David W. Devonshire has served as a director of the Company since August 2007. In addition, defendant Devonshire is a member of the Audit Committee.

18.    Defendant Sean R. Creamer has served as Arbitron's Executive Vice President, Finance & Planning, and Chief Financial Officer ("CFO") since August 2005.

19.    Defendant Kathleen T. Ross is the Company's Executive Vice President and Chief Administrative Officer. Defendant Ross has been an officer of the Company since 1991.

20.    Defendant Linda Dupree is Arbitron's Executive Vice President, New Product Development, Portable People Meter (PPM). Defendant Dupree joined the Company in 1990.

21.    Defendant Owen A. Charlebois is Arbitron's President of Technology and Research & Development. Defendant Charlebois joined the company in January 2001.

22.    Defendant Pierre C. Bouvard is Arbitron's President of Sales and Marketing, and as such is responsible for commercializing Arbitron's Portable People Meter service both domestically and internationally. Defendant Bouvard joined the Company in 1995.

23.    Defendant Vaughan Scott Henry has served as Arbitron's Executive Vice President and Chief Information Officer since February 2005.

24.    Defendants named above in paragraphs 10 through 23 are collectively referred to herein as "Defendants."

25.    Because of Defendants' positions, they knew the adverse non-public information about the business of Arbitron. Specifically, Defendants knew, consciously disregarded, were reckless and grossly negligent in not knowing or should have known about the business of Arbitron, as well as its projections, discussions, and disclosure of the Company's finances, and present and future business prospects, via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at Board meetings and committees thereof and via reports and other information provided to them in connection therewith. During the Relevant Period, Defendants participated in the issuance of improper

statements, including the preparation of the false and/or misleading press releases and SEC filings.

## DEFENDANTS' DUTIES

26.    By reason of their positions as officers, directors and/or fiduciaries of Arbitron and because of their ability to control the business and corporate affairs of Arbitron, Defendants owed Arbitron and its shareholders fiduciary obligations of trust, loyalty, good faith, and due care, and were and are required to use their utmost ability to control and manage Arbitron in a fair, just, honest, and equitable manner.  Defendants were and are required to act in furtherance of the best interests of Arbitron and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interest or benefit.

27.    Each director and officer of the Company owes to Arbitron and its shareholders the fiduciary duty to exercise good faith and diligence in the administration of the affairs of the Company and in the use and preservation of its property and assets, and the highest obligations of fair dealing.  In addition, as officers and/or directors of a publicly held company, Defendants had a duty to promptly disseminate accurate and truthful information with regard to the Company's revenue, margins, operations, performance, management, projections, and forecasts so that the market price of the Company's stock would be based on truthful and accurate information.

28.    Defendants, because of their positions of control and authority as directors and/or officers of Arbitron, were able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein, as well as the contents of the various public statements issued by the Company. Because of their advisory, executive, managerial and directorial

positions with Arbitron, each of the Defendants had access to adverse non-public information about the financial condition, operations, and improper representations of Arbitron.

29.    At all times relevant hereto, each of the Defendants was the agent of each of the other Defendants and of Arbitron, and was at all times acting within the course and scope of such agency.

30.    During the Relevant Period, in order to discharge their duties, the officers and directors of Arbitron were required to exercise reasonable and prudent supervision over the management, policies, practices, and controls of the financial affairs of the Company. By virtue of such duties, the officers and directors of Arbitron were required to, *inter alia*:

(a)    refrain from acting upon material inside corporate information to benefit themselves;

(b)    ensure that the Company complied with its legal obligations and requirements, including acting only within the scope of its legal authority and disseminating truthful and accurate statements to the SEC and the investing public;

(c)    conduct the affairs of the Company in an efficient, business like manner so as to make it possible to provide the highest quality performance of its business, to avoid wasting the Company's assets, and to maximize the value of the Company's stock; and

(d)    properly and accurately guide investors and analysts as to the true financial condition of the Company at any given time, including making accurate statements about the Company's financial results and prospects, and ensuring that the Company maintained an adequate system of financial controls such that the Company's financial reporting would be true and accurate at all times.

31.    Each Defendant, by virtue of his or her position as a director and/or officer, owed to the Company and to its shareholders the fiduciary duties of loyalty, good faith, and the exercise of due care and diligence in the management and administration of the affairs of the Company. Defendants' conduct complained of herein involves knowing and culpable violations of their obligations as directors and officers of Arbitron, the absence of good faith on their part, and a reckless disregard for their duties to the Company and its shareholders that Defendants were aware or should have been aware posed a risk of serious injury to the Company.

## SUBSTANTIVE ALLEGATIONS

32.    According to its public filings, Arbitron is an "international media and marketing information firm serving radio broadcasters, cable companies, advertisers, advertising agencies and out of home and online media advertising companies in the United States and Europe."

33.    The Company's Portable People Meter ratings service is purportedly capable of measuring radio, broadcast television, cable television, Internet broadcasts, satellite radio and television audiences, and retail store video and audio broadcasts.

34.    On July 19, 2007, Defendants caused Arbitron to issue a press release announcing the Company's financial results for the second quarter of 2007, the period ended June 30, 2007. For the quarter, the Company reported revenue of $79.0 million and net income of $3.8 million, or $0.13 per share (diluted). Defendant Morris, commenting on the results, stated, in pertinent part, as follows:

> Since the end of the 1st quarter, we signed long term contracts for the PPM ratings service with three leading radio groups: Clear Channel, Cox Radio and Entravision Communications. These contracts, along with the agreements with more than a dozen other major broadcasters and numerous advertising agencies that we had already signed, allow us to focus all our energy on executing the rollout of the PPM ratings service in the top 50 markets.

Two markets-Philadelphia and Houston-have already completed the switch to PPM ratings as the currency in the market. *We are also well into the process of installing the PPM service in the three largest and most complex radio markets: New York, Los Angeles and Chicago, and our progress to date has been good.* We are currently on schedule, but each market presents its own set of challenges. It is difficult and exacting work to recruit representative panels of consumers in these extremely diverse markets.

For Project Apollo, our initiative with The Nielsen Company to develop new measures of advertising return-on-investment, our pilot subscribers continue to evaluate the Project Apollo value proposition in the context of their particular company's marketing needs. Our goal remains to reach a decision about implementation in the second half of the year. [Emphasis added.]

35.    With regard to the Company's financial outlook, in the July 19, 2007 press release,

Defendants stated in pertinent part as follows:

Arbitron is reiterating its previously issued revenue guidance for the full year 2007 and is updating the earnings per share guidance.

The Company continues to expect that revenue will increase between 5.5 percent and 7.5 percent in 2007 compared to last year.

Based on recently completed contract negotiations as well as on the Company's current experience with the recruitment and management of the PPM panels in the 2007 and 2008 rollout markets, earnings per share (diluted) is expected to be between $1.35 and $1.45 for the full year 2007. This compares to the previous estimate of $1.30 to $1.50 per fully diluted share for 2007.

36.    On October 18, 2007, Defendants caused Arbitron to issue a press release

announcing the Company's financial results for the third quarter of 2007, the period ended

September 30, 2007. For the quarter, the Company reported revenue of $96.5 million and net

income of $17.2 million, or $0.58 per share (diluted). Defendant Morris, commenting on the

results, stated, in pertinent part, as follows:

While the PPM commercialization is both complex and challenging, we have been able to stay on track with our ambitious market-by-market rollout schedule for the Portable People Meter ratings service. On September 20, we launched the 'pre-currency' survey period in New York and the embedded radio markets of Nassau-Suffolk and Middlesex-Somerset-Union. *These three markets are*

*scheduled to convert to Portable People Meter as full 'currency' on December 31.*

At the same time, we are recruiting consumers for Los Angeles, Riverside, Chicago, San Francisco and San Jose. While this has been logistically demanding, especially because each market has its own unique characteristics, *we're committed to converting these markets as scheduled.*

For Project Apollo, we announced last week that we are extending the pilot evaluation period into the first quarter of 2008. This extension has the full support of our seven pilot subscribers. The additional time will be used to address a number of specific efforts aimed at helping the members of the Project Apollo Steering Committee build the strongest possible business case for the commercialization of the proposed single-source marketing information service. [Emphasis added.]

37.    With regard to the Company's outlook, in the October 18, 2007 press release, Defendants stated:

Arbitron is reiterating the revenue and earnings per share guidance for the full year 2007, which was provided by the Company on July 19, 2007.

The Company continues to expect that revenue will increase between 5.5 percent and 7.5 percent in 2007 compared to last year. Earnings per share (diluted) are expected to be between $1.35 and $1.45 for the full year 2007.

38.    In response to this announcement, over the next five trading days, the price of Arbitron common stock rose $5.46 per share, or more than 12%.

39.    Defendants' statements referenced above were materially false and misleading when made because they failed to disclose and/or misrepresented the following adverse facts, among others:

(a)    that the Company's scheduled implementation of its Portable People Meter ratings service in certain major markets was not performing according to internal expectations and the Company was experiencing significant difficulties such that it would have to delay its implementation; and

(b)    that as a result, Defendants lacked a reasonable basis for their positive statements about the timing of the implementation of its Portable People Meter ratings service and the Company's prospects and future earnings.

40.    On November 26, 2007, the truth finally began to emerge. On that date, Defendants were forced to admit that the Company would need to "delay the commercialization of its Portable People Meter (PPM) radio ratings service in nine markets" and that the Company would be revising its financial guidance for 2007 and outlook for 2008. With regard to the Company's outlook, Defendants stated:

Revised Financial Guidance for 2007 and Outlook for 2008

As a result of its decision to delay further implementation of the Portable People Meter service, the Company is updating its previously issued guidance to reflect the resultant financial impact. Earnings per share (diluted) for 2007 are currently estimated to be between $1.30 and $1.35 as compared to its previously issued earnings per share guidance of $1.35 to $1.45.

In addition, the Company currently estimates the impact of foregone revenue and additional costs required to produce diary estimates in the affected markets will reduce 2008 earnings by $0.22 to $0.33 per share (diluted). Consistent with past practices, detailed annual revenue and earnings per share guidance will be provided in conjunction with our fourth quarter 2007 earnings release expected to be issued in February 2008.

41.    In response to this announcement, the price of Arbitron common stock declined $7.21 per share, representing a one-day decline of approximately 15%, to close at $41.70 per share, on unusually high trading volume.

## DEFENDANTS' ILLICIT INSIDER SALES

42.    While in possession of non-public, material, adverse information regarding the Company, certain of the Defendants collectively sold more than *178,000 shares* of their personally-held Arbitron common stock for gross proceeds of more than *$8.9 million*.

43.  As demonstrated in the chart below, the overwhelming majority of these sales occurred between October 22, 2007 and November 19, 2007 – *i.e.*, during the month prior to the disclosure that Arbitron would need to "delay the commercialization of its Portable People Meter (PPM) radio ratings service in nine markets" and that the Company would be revising its financial guidance for 2007 and outlook for 2008:

| Defendant | Date | Shares | Price | Proceeds |
|---|---|---|---|---|
| ROSS | 10/10/2007 | 2,000 | $47.24 | $94,480 |
| | 10/22/2007 | 14,000 | $50.00 | $700,000 |
| | | 16,000 | | $794,480 |
| | | | | |
| DUPREE | 10/29/2007 | 1,401 | $50.41 | $70,624 |
| | 10/29/2007 | 1,300 | $49.71 | $64,623 |
| | 10/29/2007 | 1,200 | $49.70 | $59,640 |
| | 10/29/2007 | 1,029 | $49.87 | $51,316 |
| | 10/29/2007 | 800 | $49.49 | $39,592 |
| | 10/29/2007 | 800 | $49.56 | $39,648 |
| | 10/29/2007 | 600 | $49.41 | $29,646 |
| | 10/29/2007 | 600 | $49.45 | $29,670 |
| | 10/29/2007 | 600 | $49.46 | $29,676 |
| | 10/29/2007 | 600 | $49.69 | $29,814 |
| | 10/29/2007 | 600 | $49.77 | $29,862 |
| | 10/29/2007 | 523 | $49.79 | $26,040 |
| | 10/29/2007 | 500 | $49.38 | $24,690 |
| | 10/29/2007 | 500 | $49.48 | $24,740 |
| | 10/29/2007 | 500 | $49.52 | $24,760 |
| | 10/29/2007 | 500 | $49.54 | $24,770 |
| | 10/29/2007 | 471 | $49.86 | $23,484 |
| | 10/29/2007 | 434 | $49.47 | $21,470 |
| | 10/29/2007 | 400 | $49.39 | $19,756 |
| | 10/29/2007 | 400 | $49.62 | $19,848 |
| | 10/29/2007 | 400 | $49.78 | $19,912 |
| | 10/29/2007 | 400 | $50.18 | $20,072 |
| | 10/29/2007 | 334 | $49.68 | $16,593 |
| | 10/29/2007 | 300 | $49.37 | $14,811 |
| | 10/29/2007 | 300 | $49.42 | $14,826 |
| | 10/29/2007 | 300 | $49.51 | $14,853 |
| | 10/29/2007 | 300 | $49.55 | $14,865 |
| | 10/29/2007 | 234 | $50.03 | $11,707 |
| | 10/29/2007 | 200 | $49.57 | $9,914 |
| | 10/29/2007 | 200 | $49.67 | $9,934 |

| Defendant | Date | Shares | Price | Proceeds |
|---|---|---|---|---|
| | 10/29/2007 | 200 | $49.72 | $9,944 |
| | 10/29/2007 | 200 | $49.80 | $9,960 |
| | 10/29/2007 | 200 | $49.82 | $9,964 |
| | 10/29/2007 | 200 | $49.95 | $9,990 |
| | 10/29/2007 | 200 | $49.97 | $9,994 |
| | 10/29/2007 | 200 | $50.59 | $10,118 |
| | 10/29/2007 | 200 | $50.62 | $10,124 |
| | 10/29/2007 | 200 | $50.64 | $10,128 |
| | 10/29/2007 | 200 | $50.68 | $10,136 |
| | 10/29/2007 | 134 | $49.81 | $6,675 |
| | 10/29/2007 | 133 | $49.43 | $6,574 |
| | 10/29/2007 | 100 | $49.36 | $4,936 |
| | 10/29/2007 | 100 | $49.40 | $4,940 |
| | 10/29/2007 | 100 | $49.50 | $4,950 |
| | 10/29/2007 | 100 | $49.59 | $4,959 |
| | 10/29/2007 | 100 | $49.60 | $4,960 |
| | 10/29/2007 | 100 | $49.83 | $4,983 |
| | 10/29/2007 | 100 | $49.85 | $4,985 |
| | 10/29/2007 | 100 | $49.90 | $4,990 |
| | 10/29/2007 | 100 | $49.91 | $4,991 |
| | 10/29/2007 | 100 | $49.93 | $4,993 |
| | 10/29/2007 | 100 | $50.05 | $5,005 |
| | 10/29/2007 | 100 | $50.08 | $5,008 |
| | 10/29/2007 | 100 | $50.12 | $5,012 |
| | 10/29/2007 | 100 | $50.22 | $5,022 |
| | 10/29/2007 | 100 | $50.26 | $5,026 |
| | 10/29/2007 | 100 | $50.29 | $5,029 |
| | 10/29/2007 | 100 | $50.43 | $5,043 |
| | 10/29/2007 | 100 | $50.50 | $5,050 |
| | 10/29/2007 | 100 | $50.61 | $5,061 |
| | 10/29/2007 | 100 | $50.70 | $5,070 |
| | 10/29/2007 | 100 | $50.71 | $5,071 |
| | 10/29/2007 | 77 | $49.75 | $3,831 |
| | 10/29/2007 | 34 | $50.33 | $1,711 |
| | | 21,004 | | $1,045,390 |
| | | | | |
| CHARLEBOIS | 10/24/2007 | 7,200 | $50.00 | $360,000 |
| | 10/24/2007 | 4,500 | $50.20 | $225,900 |
| | 10/24/2007 | 4,400 | $50.25 | $221,100 |
| | 10/24/2007 | 1,800 | $50.14 | $90,252 |
| | 10/24/2007 | 1,000 | $50.40 | $50,400 |
| | 10/24/2007 | 900 | $50.11 | $45,099 |
| | 10/24/2007 | 900 | $50.32 | $45,288 |
| | 10/24/2007 | 800 | $50.16 | $40,128 |

| Defendant | Date | Shares | Price | Proceeds |
|---|---|---|---|---|
| | 10/24/2007 | 800 | $50.68 | $40,544 |
| | 10/24/2007 | 700 | $50.13 | $35,091 |
| | 10/24/2007 | 600 | $50.67 | $30,402 |
| | 10/24/2007 | 500 | $50.09 | $25,045 |
| | 10/24/2007 | 500 | $50.50 | $25,250 |
| | 10/24/2007 | 500 | $50.65 | $25,325 |
| | 10/24/2007 | 400 | $50.36 | $20,144 |
| | 10/24/2007 | 400 | $50.48 | $20,192 |
| | 10/24/2007 | 400 | $50.64 | $20,256 |
| | 10/24/2007 | 300 | $50.10 | $15,030 |
| | 10/24/2007 | 300 | $50.18 | $15,054 |
| | 10/24/2007 | 300 | $50.33 | $15,099 |
| | 10/24/2007 | 300 | $50.35 | $15,105 |
| | 10/24/2007 | 200 | $50.15 | $10,030 |
| | 10/24/2007 | 200 | $50.34 | $10,068 |
| | 10/24/2007 | 200 | $50.66 | $10,132 |
| | 10/24/2007 | 200 | $50.70 | $10,140 |
| | 10/24/2007 | 200 | $50.73 | $10,146 |
| | 10/24/2007 | 100 | $50.02 | $5,002 |
| | 10/24/2007 | 100 | $50.12 | $5,012 |
| | 10/24/2007 | 100 | $50.31 | $5,031 |
| | 10/24/2007 | 100 | $50.37 | $5,037 |
| | 10/24/2007 | 100 | $50.69 | $5,069 |
| | 10/24/2007 | 100 | $50.71 | $5,071 |
| | 10/24/2007 | 100 | $50.72 | $5,072 |
| | 10/24/2007 | 100 | $50.77 | $5,077 |
| | 10/24/2007 | 100 | $50.79 | $5,079 |
| | 10/25/2007 | 2,700 | $50.00 | $135,000 |
| | 10/25/2007 | 1,200 | $50.52 | $60,624 |
| | 10/25/2007 | 1,100 | $50.09 | $55,099 |
| | 10/25/2007 | 900 | $50.51 | $45,459 |
| | 10/25/2007 | 800 | $50.15 | $40,120 |
| | 10/25/2007 | 600 | $50.23 | $30,138 |
| | 10/25/2007 | 400 | $50.40 | $20,160 |
| | 10/25/2007 | 400 | $50.42 | $20,168 |
| | 10/25/2007 | 300 | $49.55 | $14,865 |
| | 10/25/2007 | 300 | $50.16 | $15,048 |
| | 10/25/2007 | 300 | $50.17 | $15,051 |
| | 10/25/2007 | 200 | $50.12 | $10,024 |
| | 10/25/2007 | 200 | $50.27 | $10,054 |
| | 10/25/2007 | 200 | $50.31 | $10,062 |
| | 10/25/2007 | 200 | $50.44 | $10,088 |
| | 10/25/2007 | 100 | $49.75 | $4,975 |
| | 10/25/2007 | 100 | $50.07 | $5,007 |

| Defendant | Date | Shares | Price | Proceeds |
|---|---|---|---|---|
| | 10/25/2007 | 100 | $50.10 | $5,010 |
| | 10/25/2007 | 100 | $50.11 | $5,011 |
| | 10/25/2007 | 100 | $50.14 | $5,014 |
| | 10/25/2007 | 100 | $50.16 | $5,016 |
| | 10/25/2007 | 100 | $50.28 | $5,028 |
| | 10/25/2007 | 100 | $50.50 | $5,050 |
| | | 40,000 | | $2,008,741 |
| | | | | |
| BOUVARD | 9/21/2007 | 900 | $46.40 | $41,760 |
| | 9/21/2007 | 300 | $46.59 | $13,977 |
| | 9/21/2007 | 200 | $46.35 | $9,270 |
| | 9/21/2007 | 100 | $46.33 | $4,633 |
| | 9/21/2007 | 100 | $46.36 | $4,636 |
| | 9/21/2007 | 100 | $46.38 | $4,638 |
| | 9/21/2007 | 100 | $46.39 | $4,639 |
| | 9/21/2007 | 100 | $46.46 | $4,646 |
| | 9/21/2007 | 100 | $46.42 | $4,642 |
| | 10/22/2007 | 9,817 | $50.00 | $490,850 |
| | 10/22/2007 | 2,736 | $50.02 | $136,855 |
| | 10/22/2007 | 1,500 | $50.01 | $75,015 |
| | 10/22/2007 | 1,400 | $50.03 | $70,042 |
| | 10/22/2007 | 900 | $50.13 | $45,117 |
| | 10/22/2007 | 700 | $50.15 | $35,105 |
| | 10/22/2007 | 600 | $50.05 | $30,030 |
| | 10/22/2007 | 500 | $50.11 | $25,055 |
| | 10/22/2007 | 400 | $50.22 | $20,088 |
| | 10/22/2007 | 393 | $50.09 | $19,685 |
| | 10/22/2007 | 300 | $50.08 | $15,024 |
| | 10/22/2007 | 300 | $50.21 | $15,063 |
| | 10/22/2007 | 200 | $50.04 | $10,008 |
| | 10/22/2007 | 200 | $50.14 | $10,028 |
| | 10/22/2007 | 100 | $50.07 | $5,007 |
| | 10/22/2007 | 100 | $50.10 | $5,010 |
| | 10/22/2007 | 100 | $50.12 | $5,012 |
| | 10/22/2007 | 100 | $50.18 | $5,018 |
| | 10/22/2007 | 100 | $50.19 | $5,019 |
| | 10/22/2007 | 100 | $50.20 | $5,020 |
| | 10/22/2007 | 7 | $50.09 | $351 |
| | 10/24/2007 | 500 | $51.02 | $25,510 |
| | 11/13/2007 | 1,253 | $51.29 | $64,266 |
| | 11/13/2007 | 1,000 | $51.64 | $51,640 |
| | 11/13/2007 | 1,000 | $51.27 | $51,270 |
| | 11/13/2007 | 800 | $51.48 | $41,184 |
| | 11/13/2007 | 800 | $51.42 | $41,136 |

| Defendant | Date | Shares | Price | Proceeds |
|---|---|---|---|---|
|  | 11/13/2007 | 700 | $51.82 | $36,274 |
|  | 11/13/2007 | 700 | $51.28 | $35,896 |
|  | 11/13/2007 | 700 | $51.44 | $36,008 |
|  | 11/13/2007 | 600 | $51.55 | $30,930 |
|  | 11/13/2007 | 500 | $51.49 | $25,745 |
|  | 11/13/2007 | 500 | $51.63 | $25,815 |
|  | 11/13/2007 | 500 | $51.70 | $25,850 |
|  | 11/13/2007 | 500 | $51.30 | $25,650 |
|  | 11/13/2007 | 500 | $51.46 | $25,730 |
|  | 11/13/2007 | 400 | $51.53 | $20,612 |
|  | 11/13/2007 | 400 | $51.56 | $20,624 |
|  | 11/13/2007 | 400 | $51.59 | $20,636 |
|  | 11/13/2007 | 400 | $51.65 | $20,660 |
|  | 11/13/2007 | 400 | $51.76 | $20,704 |
|  | 11/13/2007 | 400 | $51.22 | $20,488 |
|  | 11/13/2007 | 400 | $51.33 | $20,532 |
|  | 11/13/2007 | 400 | $51.37 | $20,548 |
|  | 11/13/2007 | 400 | $51.39 | $20,556 |
|  | 11/13/2007 | 300 | $51.50 | $15,450 |
|  | 11/13/2007 | 300 | $51.71 | $15,513 |
|  | 11/13/2007 | 300 | $51.16 | $15,348 |
|  | 11/13/2007 | 300 | $51.21 | $15,363 |
|  | 11/13/2007 | 300 | $51.25 | $15,375 |
|  | 11/13/2007 | 300 | $51.26 | $15,378 |
|  | 11/13/2007 | 300 | $51.41 | $15,423 |
|  | 11/13/2007 | 300 | $51.43 | $15,429 |
|  | 11/13/2007 | 200 | $51.47 | $10,294 |
|  | 11/13/2007 | 200 | $51.60 | $10,320 |
|  | 11/13/2007 | 200 | $51.66 | $10,332 |
|  | 11/13/2007 | 200 | $51.72 | $10,344 |
|  | 11/13/2007 | 200 | $51.73 | $10,346 |
|  | 11/13/2007 | 200 | $51.78 | $10,356 |
|  | 11/13/2007 | 200 | $51.79 | $10,358 |
|  | 11/13/2007 | 200 | $51.05 | $10,210 |
|  | 11/13/2007 | 200 | $51.19 | $10,238 |
|  | 11/13/2007 | 200 | $51.23 | $10,246 |
|  | 11/13/2007 | 200 | $51.24 | $10,248 |
|  | 11/13/2007 | 200 | $51.34 | $10,268 |
|  | 11/13/2007 | 200 | $51.36 | $10,272 |
|  | 11/13/2007 | 200 | $51.45 | $10,290 |
|  | 11/13/2007 | 100 | $51.51 | $5,151 |
|  | 11/13/2007 | 100 | $51.54 | $5,154 |
|  | 11/13/2007 | 100 | $51.57 | $5,157 |
|  | 11/13/2007 | 100 | $51.57 | $5,157 |

| Defendant | Date | Shares | Price | Proceeds |
|---|---|---|---|---|
| | 11/13/2007 | 100 | $51.58 | $5,158 |
| | 11/13/2007 | 100 | $51.61 | $5,161 |
| | 11/13/2007 | 100 | $51.62 | $5,162 |
| | 11/13/2007 | 100 | $51.74 | $5,174 |
| | 11/13/2007 | 100 | $51.31 | $5,131 |
| | 11/13/2007 | 100 | $51.32 | $5,132 |
| | 11/13/2007 | 100 | $51.39 | $5,139 |
| | 11/13/2007 | 100 | $51.40 | $5,140 |
| | 11/13/2007 | 20,998 | $51.75 | $1,086,647 |
| | 11/14/2007 | 255 | $52.00 | $13,260 |
| | 11/16/2007 | 700 | $52.00 | $36,400 |
| | 11/16/2007 | 100 | $52.02 | $5,202 |
| | 11/16/2007 | 100 | $52.05 | $5,205 |
| | 11/19/2007 | 3,000 | $52.00 | $156,000 |
| | 11/19/2007 | 300 | $52.01 | $15,603 |
| | 11/19/2007 | 200 | $52.02 | $10,404 |
| | 11/19/2007 | 100 | $52.03 | $5,203 |
| | | 68,859 | | $3,512,648 |
| | | | | |
| CREAMER | 9/17/2007 | 373 | $45.32 | $16,904 |
| | | | | |
| MORRIS | 8/1/2007 | 6,724 | $49.48 | $332,704 |
| | 9/4/2007 | 6,724 | $49.65 | $333,847 |
| | 10/1/2007 | 6,724 | $45.75 | $307,623 |
| | 11/1/2007 | 6,725 | $49.00 | $329,525 |
| | | 26,897 | | $1,303,698 |
| | | | | |
| HENRY | 10/22/2007 | 5,000 | $49.79 | $248,950 |
| | 10/22/2007 | 746 | $49.92 | $37,240 |
| | | 5,746 | | $286,190 |
| | | | | |
| Total: | | 178,879 | | $8,968,051 |

## DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS

44.    Plaintiff brings this action derivatively in the right and for the benefit of Arbitron to redress injuries suffered, and to be suffered, by Arbitron as a direct result of the breaches of fiduciary duty, abuse of control, and unjust enrichment, as well as the aiding and abetting thereof, by the Defendants. Arbitron is named as a nominal defendant solely in a derivative

capacity. This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.

45.   Plaintiff will adequately and fairly represent the interests of Arbitron in enforcing and prosecuting its rights.

46.   Plaintiff is and was an owner of the stock of Arbitron during times relevant to Defendants' wrongful course of conduct alleged herein, and remains a shareholder of the Company.

47.   The Board currently consists of the following eight individuals: defendants Morris, Nogales, Guarascio, Kerr, Archambeau, Kittelberger, Devonshire, and Post. Plaintiff has not made any demand on the present Board to institute this action because such a demand would be a futile, wasteful, and useless act, for the following reasons:

   a.   While in possession of material adverse non-public information, defendant Morris sold 26,897 of his personally held shares for proceeds totaling $1,303,698. Because Morris received personal financial benefits from the challenged insider trading transactions, he is directly interested in a demand, and any demand upon him would be futile;

   b.   During the Relevant Period, defendants Post, Archambeau, and Devonshire were members of the Audit Committee. The Audit Committee was responsible for overseeing and directly participating in the Company's internal controls, accounting practices, and financial reporting process. Defendants Post, Archambeau, and Devonshire breached their fiduciary duties of due care, loyalty, and good faith because the Audit Committee oversaw the preparation of improper financial statements and earnings press releases discussed herein that contained false and/or misleading material information. Furthermore, Post, Archambeau, and Devonshire failed to ensure that the Company had in place adequate internal controls over insider stock sales. Therefore, defendants Post, Archambeau, and Devonshire face a substantial likelihood of liability for their breach of fiduciary duties and any demand upon them would be futile;

   c.   The principal professional occupation of defendant Morris is his employment with Arbitron as CEO and President, pursuant to which he received and continues to receive substantial monetary compensations and other benefits. Accordingly, in addition to being interested in a demand, defendant Morris also lacks independence, rendering him incapable of impartially considering a demand to commence and vigorously prosecute this action.

## COUNT I

**Against Ross, Dupree, Charlebois, Bouvard, Creamer, Morris, and Henry for Breach of Fiduciary Duties for Insider Selling and Misappropriation of Information**

48.    Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

49.    At the time of the stock sales set forth herein, Ross, Dupree, Charlebois, Bouvard, Creamer, Morris, and Henry were in possession of material, non-public, adverse information described above, and sold Arbitron common stock on the basis of such information.

50.    The information described above was proprietary non-public information concerning the Company's financial condition and future business prospects. It was a proprietary asset belonging to the Company, which Ross, Dupree, Charlebois, Bouvard, Creamer, Morris, and Henry used for their own benefit when they sold Arbitron common stock.

51.    Since the use of the Company's proprietary information for their own gain constitutes a breach of their fiduciary duties, the Company is entitled to the imposition of a constructive trust on any profits Ross, Dupree, Charlebois, Bouvard, Creamer, Morris, and Henry obtained thereby.

## COUNT II

### Against All Defendants for Breach of Fiduciary Duty

52.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

53.    Defendants owed and owe Arbitron fiduciary obligations.  By reason of their fiduciary relationships, Defendants owed and owe Arbitron the highest obligation of good faith, fair dealing, loyalty and due care.

54. Defendants, and each of them, violated and breached their fiduciary duties of care, loyalty, reasonable inquiry, oversight, good faith and supervision.

55. Each of the Defendants had actual or constructive knowledge that they had caused the Company or improperly allowed the Company to misrepresent the business prospects of the Company, and failed to correct the Company's publicly reported financial results, press releases, and guidance. These actions could not have been a good faith exercise of prudent business judgment to protect and promote the Company's corporate interests.

56. As a direct and proximate result of Defendants' failure to perform their fiduciary obligations, Arbitron has sustained significant damages. As a result of the misconduct alleged herein, Defendants are liable to the Company.

57. Plaintiff, on behalf of Arbitron, has no adequate remedy at law.

### COUNT III

### Against All Defendants for Abuse of Control

58. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

59. Defendants breached their fiduciary duties owed to Arbitron because they abused their ability to control, and their influence over, the Company.

60. As a direct and proximate result of Defendants' abuse of control, Arbitron has sustained significant damages.

61. Plaintiff, on behalf of Arbitron, has no adequate remedy at law.

### COUNT IV

### Against All Defendants for Unjust Enrichment

62. Plaintiff incorporates by reference and realleges each and every allegation set forth

above, as though fully set forth herein.

63.   By their wrongful acts and omissions, Defendants were unjustly enriched at the expense of and to the detriment of Arbitron.

64.   Plaintiff, as a shareholder and representative of Arbitron, seeks restitution from Defendants, and each of them, and seeks an order of this Court disgorging all profits, benefits and other compensation obtained by Defendants, and each of them, from their wrongful conduct and fiduciary breaches.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A.   Against all Defendants and in favor of the Company for the amount of damages sustained by the Company as a result of Defendants' breaches of fiduciary duties;

B.   Directing Arbitron to take all necessary actions to reform and improve its corporate governance and internal procedures to comply with applicable laws and to protect the Company and its shareholders from a repeat of the damaging events described herein, including, but not limited to, putting forward for shareholder vote resolutions for amendments to the Company's By-Laws or Articles of Incorporation and taking such other action as may be necessary to place before shareholders for a vote the following Corporate Governance Policies: (1) a proposal to strengthen the Board's supervision of operations and develop and implement procedures for greater shareholder input into the policies and guidelines of the Board; and (2) a proposal to control and limit insider stock selling.

C.   Extraordinary equitable and/or injunctive relief as permitted by law, equity and state statutory provisions sued hereunder, including attaching, impounding, imposing a

constructive trust on, or otherwise restricting the proceeds of Defendants' trading activities or their other assets so as to assure that Plaintiff on behalf of Arbitron has an effective remedy;

      D.    Awarding to Arbitron restitution from Defendants, and each of them, and ordering disgorgement of all profits, benefits, and other compensation obtained by the Defendants;

      E.    Awarding to Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

      F.    Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: June 13, 2008

                **MURRAY, FRANK & SAILER LLP**

                _____
                Brian P. Murray
                275 Madison Avenue
                New York, NY 10016
                Telephone: (212) 682-1818
                Facsimile: (212)682-1892

                **THE WEISER LAW FIRM, P.C.**
                Robert B. Weiser
                Brett D. Stecker
                121 N. Wayne Avenue, Suite 100
                Wayne, PA 19087
                Telephone: (610) 225-2677
                Facsimile: (610) 225-2678

                Counsel for Plaintiff

## ARBITRON INC., VERIFICATION

I, Joseph V. Pace, hereby verify that I am familiar with the allegations in the Complaint, and that I have authorized the filing of the Complaint, and that the foregoing is true and correct to the best of my knowledge, information and belief.

DATE: ___5/27/A___            _____

                              SIGNATURE

| *Attorney or Party without Attorney:*<br>Samuel H. Rudman, Esq.<br>Coughlin Stoia Geller Rudman<br>& Robbins LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br>*Telephone No:* 631-367-7100      *FAX No:* 631-367-1173 | | | | *For Court Use Only* |
|---|---|---|---|---|
| *Attorney for:* Plaintiff | | *Ref. No. or File No.:* | | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>United States District Court - Southern District Of New York | | | | |
| *Plaintiff:* Plumbers and Pipefitters Local Union No. 630 | | | | |
| *Defendant:* Arbitron, Inc., et al. | | | | |
| **AFFIDAVIT OF SERVICE**<br>**Summons & Complaint** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>08CIV4063 |

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons In A Civil Case; Class Action Complaint

*3. a. Party served:*                              Stephen B. Morris

*4. Address where the party was served:*           Arbitron, Inc.
                                                   142 West 57th Street
                                                   New York, NY 10019

*5. I served the party:*
   b. **by substituted service**. On: Fri., May. 02, 2008 at: 2:42PM by leaving the copies with or in the presence of:
      Jennifer Simmons, Person Authorized to Accept Service, Black, Female, 56
      Years Old, 5 Feet 6 Inches, 145 Pounds
   (1) **(Business)** Authorized to Accept. I informed him or her of the general nature of the papers.
   (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the
       copies were left (Code Civ. Proc., 415.20). I mailed the document on: Tue., May. 06, 2008 from: New York City, NY

*7. Person Who Served Papers:*                     *Fee for Service:*
   a. Bobby Ali                                    I Declare under penalty of perjury under the laws of the State of
   b. **Class Action Research &**                  New York that the foregoing is true and correct.
      Litigation Support Services, Inc.
      P O Box 740                                  05 - 12 - 08                    _____
      Penryn, CA 95663                                  *(Date)*                              *(Signature)*
   c. (866) 663-9590, FAX (866) 663-4955

MICHAEL KEATING
Notary Public, State of New York
Reg. No. 01-KE-4851559
Qualified in New York County
Commission Expires February 3, 20__

*8. SUBSCRIBED AND SWORN to me, a Notary Public in and for said County and State.*

My Commission Expires 02 - 03 - 10
                          *(Date)*

AFFIDAVIT OF SERVICE                    (Notary Public)                    *sorud.102911*
Summons & Complaint

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| Samuel H. Rudman, Esq. Coughlin Stoia Geller Rudman & Robbins LLP 58 South Service Road, Suite 200 Melville, NY 11747 *Telephone No:* 631-367-7100    *FAX No:* 631-367-1173 | | | | |

*Attorney for:* Plaintiff

*Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*
United States District Court - Southern District Of New York

*Plaintiff:* Plumbers and Pipefitters Local Union No. 630

*Defendant:* Arbitron, Inc., et al.

| **AFFIDAVIT OF SERVICE** Summons & Complaint | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* 08CIV4063 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons in a Civil Case; Class Action Complaint

3. a. *Party served:*          Arbitron, Inc.
   b. *Person served:*        Jennifer Simmons, Person Authorized to Accept Service, Black, Female, 56 Years
                              Old, 5 Feet 6 Inches, 145 Pounds

4. *Address where the party was served:*       142 West 57th Street
                                              New York, NY 10019

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
   process for the party (1) on: Fri., May. 02, 2008 (2) at: 2:42PM

7. *Person Who Served Papers:*                    *Fee for Service:*
   a. Bobby Ali                                    I Declare under penalty of perjury under the laws of the State of
   b. **Class Action Research &**                  New York that the foregoing is true and correct.
      Litigation Support Services, Inc.
      P O Box 740
      Penryn, CA. 95663                     05-12-08
   c. (866) 663-9590, FAX (866) 663-4955    *(Date)*                      *(Signature)*

MICHAEL KEATING
Notary Public, State of New York
Reg. No. 01-KE-4851559
Qualified in New York County
Commission Expires February 3, 20 10

8. *SUBSCRIBED AND SWORN to me, a Notary Public in and for said County and State.*

My Commission Expires  02-03-10
                        *(Date)*

AFFIDAVIT OF SERVICE
Summons & Complaint                              *(Notary Public)*

NEW YORK
COUNTY CLERK'S OFFICE

JUN 13 2008

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOSEPH PACE, Derivatively on Behalf
of Nominal Defendant ARBITRON, INC.,

                           Plaintiff(s),

Index No. 08-601779

*against*

STEPHEN B. MORRIS, LUIS G. NOGALES,
PHILIP GUARASCIO, WILLIAM T. KERR,
SHELLYE ARCHAMBEAU, RICHARD A. POST,
LARRY E. KITTELBERGER, DAVID W.
DEVONSHIRE, SEAN R. CREAMER, KATHLEEN
T. ROSS, LINDA DUPREE, OWEN A. CHARLEBOIS,
PIERRE C. BOUVARD, and SCOTT HENRY,
VAUGHAN               Defendant(s).

      -and-

ARBITRON, INC.

                 Nominal Defendant.

**Summons**

Date Index No. Purchased:   June 13, 2008

To the above named Defendant(s)

     You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

     The basis of venue is Defendant business headquartered in this County which is 142 West 57th Street, New York, NY 10019

Dated: June 13, 2008

Murray, Frank & Sailer LLP

by _____
     Brian P. Murray

Attorneys for Plaintiff
275 Madison Avenue, 8th Floor
New York, NY 10016
Tel: (212) 682-1818
Fax: (212) 682-1892

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
06/18/2008
CT Log Number 513541570

|||||||||||||||||||||||||||||||||||||||||||||||||

TO:   Timothy T. Smith
      Arbitron Inc.
      9705 Patuxent Woods Drive
      Columbia, MD 21046-

RE:   **Process Served in New York**

FOR:  Arbitron Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joseph Pace, etc., Pltf. vs. Stephen B. Morris, et al. including Arbitron, Inc., Nominal Dfts. <br> *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons ( 15 sets), Verified Complaint ( 15 sets), Verification (15 sets) |
| **COURT/AGENCY:** | New York County: Supreme Court, NY <br> Case # 08-601779 |
| **NATURE OF ACTION:** | Breach of Fiduciary duties - Seeks judgment for abuse of control and unjust enrichment - To take necessary actions to reform and improve corporate governance and internal procedures to comply with applicable laws |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/18/2008 at 11:08 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Brian P. Murray <br> Murray, Frank & Sailer LLP <br> 275 Madison Avenue <br> 8th Floor <br> New York, NY 10016 <br> 212-682-1818 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 791088906016 <br> Email Notification, Stacey R. Werner stacey.werner@arbitron.com |
| **SIGNED:** <br> **PER:** <br> **ADDRESS:** <br><br> **TELEPHONE:** | C T Corporation System <br> Christopher Tilton <br> 111 Eighth Avenue <br> New York, NY 10011 <br> 212-894-8940 |

Page 1 of  1 / RJ

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.